UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 15-CR-0185 (PJS/BRT) |
| Plaintiff, | |
| v. | ORDER |
| CLEOPHAS WILLIAMS, | |
| Defendant. | |

---

Defendant Cleophas Williams has been charged with interference with commerce by robbery, brandishing a firearm during a crime of violence, and possessing a firearm as a felon.  ECF No. 1.  This matter is before the Court on Williams's "Motion for Consideration of Potential Career Offender Predicate."  ECF No. 28.  Williams asks the Court to determine whether his prior conviction for third-degree arson qualifies as a "crime of violence" under the career-offender sentencing guideline.  *See* U.S.S.G. §§ 4B1.1, 4B1.2.  Williams says that this issue may affect the advisory guideline range that he may face at sentencing and therefore may influence his decision whether to plead guilty or proceed to trial.

The Court sympathizes with Williams's situation, but it cannot give him the ruling he seeks at this time.  "Article III limits the federal courts to deciding 'Cases' and 'Controversies' and, thus, prohibits the district court from issuing advisory opinions."

*Ripplin Shoals Land Co., LLC v. U.S. Army Corps of Eng'rs*, 440 F.3d 1038, 1043 (8th Cir. 2006).  "One kind of advisory opinion is an opinion advising what the law would be upon a hypothetical state of facts."  *Pub. Water Supply Dist. No. 8 v. City of Kearney*, 401 F.3d 930, 932 (8th Cir. 2005) (internal quotations and citations omitted).  That is precisely what Williams seeks:  He is asking this Court to determine what guideline range he will face *if* he is convicted.  But Williams has not *been* convicted, and until he *is* convicted, any opinion about whether his prior conviction for third-degree arson qualifies as a "crime of violence" would be an advisory opinion.  The Court understands why Williams is seeking that advice, but the Court is not constitutionally empowered to provide it.  See *United States v. Thompson*, Criminal Action No. 12-CR-20656, 2012 WL 6214428, at *1-3 (E.D. Mich. Dec. 13, 2012) (refusing to render an "advisory opinion" before defendant pleaded guilty on whether prior conviction would qualify as a crime of violence under the career-offender guideline); *see also, e.g.*, *United States v. Santana*, 761 F. Supp. 2d 131, 140-41 (S.D.N.Y. 2011) (explaining that sentencing-guideline issues are not ripe before conviction); *United States v. Woods*, 730 F. Supp. 2d 1354, 1370 n.13 (S.D. Ga. 2010) (same); *United States v. Ware*, 709 F. Supp. 1062, 1063 (N.D. Ala. 1989) (same).

   The Court also notes a practical problem:  In sentencing defendants, this Court routinely has to resolve factual and legal disputes, such as disputes over whether

mandatory-minimum sentences apply or disputes over extremely important sentencing-guideline factors (such as the amount of drugs or financial loss for which a defendant is responsible). If this Court were to give Mr. Williams the advisory opinion that he seeks, this Court would also have to issue dozens of similar advisory opinions every year. Even if the Constitution allowed federal courts to advise defendants how the Court intended to rule on sentencing disputes that may arise if the defendant is convicted, the Court would not have the time to engage in this practice.

In short, unless and until Williams is actually convicted of a crime—a "'contingent future event[] that . . . may not occur at all,'" *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580-81 (1985) (citation omitted)—the question of whether Williams's prior conviction for third-degree arson qualifies as a "crime of violence" will not be ripe for adjudication. Therefore, the Court denies Williams's motion without prejudice.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendant Cleophas Williams's "Motion for Consideration of Potential Career Offender Predicate" [ECF No. 28] is DENIED WITHOUT PREJUDICE FOR LACK OF JURISDICTION.

Dated:  September ___, 2015

                                                                           Patrick J. Schiltz
                                                                           United States District Judge