UNITED STATES DISTRICT COURT
                             DISTRICT OF MINNESOTA

| UNITED STATES, | Case No. 15-CR-0185 (PJS/BRT) |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| CLEOPHAS WILLIAMS, | |
| Defendant. | |

Defendant Cleophas Williams is serving a 165-month sentence after pleading guilty to interference with commerce by robbery and using, carrying, and brandishing a firearm during and in relation to a crime of violence. *See* ECF Nos. 1, 58. This matter is before the Court on Williams's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 77. Williams's sole claim is that he received ineffective assistance of counsel based on his attorney's failure to secure a more favorable plea deal. For the reasons that follow, Williams's motion is denied as untimely.

A § 2255 motion must be filed within one year of the date on which the judgment of conviction becomes final (subject to certain exceptions). 28 U.S.C. § 2255(f). Williams was sentenced on April 15, 2016. ECF No. 58. The government initially appealed the Court's sentencing decision, but then later moved to dismiss its appeal. The Eighth Circuit dismissed the government's appeal on July 7, 2016, and neither party sought

further review. ECF No. 73. Williams filed his § 2255 motion more than four years later, on October 18, 2020.¹ ECF No. 77.

Based on these facts, the Court ordered Williams to show cause why his § 2255 motion should not be dismissed as untimely. ECF No. 79. In his response, Williams argues that the running of the one-year limitations period was delayed under § 2255(f)(2) and, in the alternative, that the limitations period should be equitably tolled based on the circumstances of his case. Those circumstances, as recounted by Williams, are as follows:

In August 2015 "the government offered and entered into a plea agreement" with a predicted sentencing guidelines range of 121 to 130 months if Williams was not deemed to be a career offender. ECF No. 77 at 2. If Williams was deemed to be a career offender, the proposed plea agreement predicted that his guidelines range would be 262 to 327 months. *Id.*

On September 4, 2015, Williams's attorney filed a motion asking the Court to determine whether Williams's prior conviction for third-degree arson qualified as a "crime of violence"—and thus whether Williams was a career offender under U.S.S.G.

---

¹Williams originally filed his motion as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Northern District of Illinois. Williams requested that the Northern District of Illinois construe his petition as a § 2255 motion and transfer it to the District of Minnesota. *Williams v. Rivers*, No. 3:20-cv-50410, Motion by Petitioner Cleophas Williams to Transfer Case, ECF No. 4 (N.D. Ill. filed Dec. 21, 2020). That motion was granted, and William's § 2255 motion was filed in this Court on January 25, 2021.

§ 4B1.1—so that Williams could make a better informed decision about whether or not to plead guilty. *Id.* at 3; ECF No. 28. The Court denied the motion, explaining that Williams was seeking an advisory opinion (given that he had not been convicted of any crime at that point), and federal courts lack jurisdiction to issue advisory opinions. ECF No. 31.

According to Williams, his attorney's unsuccessful motion prompted the government to rescind its August 2015 plea offer and to extend a new plea offer that predicted that his guidelines range would be 154 to 171 months if Williams was not a career offender (a higher range than had been predicted in the original offer) and 262 to 327 months if he was a career offender (the same range that had been predicted in the original offer). ECF No. 77 at 3; ECF No. 78-4 at 5. "During [a] jailhouse visit," Williams's attorney specifically told him that "because she had filed the consideration motion the original plea agreement was gone forever." ECF No. 77 at 3. "[A]lthough he was not happy about the 'new plea agreement,'" Williams accepted the offer and pleaded guilty. ECF No. 88 at 3. The Court later determined that Williams was not a career offender, determined that his guidelines range was 154 to 171 months, and sentenced Williams to 165 months' imprisonment. ECF Nos. 58, 59.

Shortly after his April 2016 sentencing hearing, Williams was transferred to the custody of the Bureau of Prisons ("BOP") and thereafter (according to Williams) was

not permitted to possess his legal papers. ECF No. 77 at 3–4. Over the next few years, Williams requested his legal papers from his attorney on multiple occasions, both by writing letters and by calling his attorney's office. ECF No. 90 at 2–3. Williams alleges that each time that his attorney sent his legal documents to him, prison staff sent the documents back to his attorney, although Williams does not state whether he was permitted to review the legal documents before they were returned.[2] *Id.* It was not until August 2020—after Williams was transferred to USP-Thompson—that he was finally permitted to possess his legal papers, including the "original" and "second" plea agreements.[3] ECF No. 88 at 4.

*A. Statutory Tolling*

Under § 2255(f)(2), the one-year limitations period for filing a § 2255 motion does not begin to run until "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is

---

[2]Williams has submitted two "inmate bulletins" stating that inmates are "generally" prohibited from possessing certain documents, including pre-sentence reports and statements of reasons, as such documents "have been utilized for unauthorized or illegal purposes, which poses a risk to institutional security and good order." ECF Nos. 78-1, 78-2. When such documents are "received through the mail," the bulletins explain that BOP staff "will store the documents and make them available to [inmates] in a controlled setting." *Id.*

[3]Williams alleges that, in addition to being denied access to his plea agreements, he was prevented from possessing his plea-hearing transcript, docket sheet, and "other court documents" prior to August 2020. ECF No. 88 at 1.

removed, if the movant was prevented from making a motion by such governmental action." "[T]o invoke Section 2255(f)(2), it is the prisoner's responsibility to allege (1) the existence of an impediment to his making a motion, (2) governmental action in violation of the Constitution or laws of the United States that created the impediment, and (3) that the impediment prevented the prisoner from filing his motion." *Simmons v. United States*, 974 F.3d 791, 796–97 (6th Cir. 2020).

Williams alleges that the BOP's policy of prohibiting inmates from possessing certain legal documents prevented him from timely filing his § 2255 motion, and that the policy violated his constitutional right of access to the courts. But even if the Court were to find that the BOP's policy is unconstitutional—either as written or as applied to Williams—Williams has not explained how the policy prevented him from filing his § 2255 motion. To the contrary, Williams makes clear that he was aware of his attorney's alleged mistake (she filed a motion asking the Court to decide whether he was a career offender) and the impact of that mistake (the motion caused the government to withdraw its original plea offer and substitute a less favorable plea offer) *while he was still in pretrial custody*—that is, long before he was sentenced and transferred to BOP custody.

Williams thus had all of the facts that he needed to bring his ineffective-assistance claim immediately after he was sentenced; indeed, at any time during his

four-plus years in BOP custody, he could have filed a § 2255 motion and made the same claim that he made in the § 2255 motion that he filed in October 2020. He then could have used discovery to obtain documents or other evidence in support of his claim. *See* Rule 6 of the Rules Governing Section 2255 Proceedings. In short, the alleged refusal of the BOP to allow Williams to physically possess his legal documents—even if unlawful—did not prevent him from filing a timely § 2255 motion. *See United States v. Sheridan*, 561 F. App'x 689, 692 (10th Cir. 2014) (finding that § 2255(f)(2) did not toll limitations period because, "[e]quipped with knowledge of his alleged constitutional claim by at least the time of his plea, [the defendant] had no excuse for delaying the filing of his habeas motion for almost two years").

Accordingly, the Court cannot find that the running of the one-year limitations period was tolled under § 2255(f)(2).

*B. Equitable Tolling*

"Equitable tolling is an 'exceedingly narrow window of relief,'" *Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005) (citation omitted), and is available only "when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time," *Kruetzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). "A petitioner is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and

prevented timely filing.'" *Burks v. Kelley*, 881 F.3d 663, 666 (8th Cir. 2018) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)); *see also United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005) (noting that case law construing equitable tolling in context of § 2254 petitions is equally applicable in context of § 2255 motions).

Even if Williams could establish that he has been "pursuing his rights diligently" notwithstanding his more-than-four-year delay in seeking post-conviction relief, the Court would decline to apply the doctrine of equitable tolling because the circumstances identified by Williams are not "extraordinary" and because it was not "impossible" for Williams to file a timely § 2255 motion. The very BOP policy to which William points in support of his tolling arguments—a policy that applies to all inmates at two BOP facilities—demonstrates that a lack of access to legal documents is "the kind[] of obstacle[] faced by many if not most" § 2255 movants. *Jihad v. Hvass*, 267 F.3d 803, 807 (8th Cir. 2001). More importantly, William's lack of access to his legal papers did not make it impossible for him to file a timely § 2255 motion, for the reasons already explained. *See id.* at 806 (affirming dismissal of § 2254 petition as untimely because "lack of access to a trial transcript does not preclude a petitioner from commencing post-conviction proceedings and therefore does not warrant equitable tolling"); *Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001) (same). The Court therefore declines to apply the doctrine of equitable tolling to rescue Williams's untimely § 2255 motion.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Defendant Cleophas Williams's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [ECF No. 77] is DENIED.

2. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 14, 2021

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge