UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 15-CR-0185 (PJS/BRT) |
| Plaintiff, | |
| v. | ORDER |
| CLEOPHAS WILLIAMS, | |
| Defendant. | |

Cleophas Williams, pro se.

Defendant Cleophas Williams pleaded guilty to interference with commerce by robbery and using, carrying, or brandishing a firearm during and in relation to a crime of violence.  ECF Nos. 1, 34.  On April 15, 2016, Williams was sentenced to a 165-month term of imprisonment.  ECF No. 58.  This matter is before the Court on Williams's motion to modify his sentence under 18 U.S.C. § 3582 and Amendment 599 to the United States Sentencing Guidelines.  ECF No. 93.

A court generally "may not modify a term of imprisonment once it has been imposed," but an exception exists for "the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Williams styles his motion as a request to modify his sentence due to a retroactive change in the Guidelines, but he actually attacks his sentence on other grounds.

First, Williams argues that Amendment 599 should be retroactively applied to his case in order to correct the "double counting" of certain firearms-related conduct in the Court's calculation of his Guidelines range. The problem is that Amendment 599 became effective on November 1, 2000, and thus the Court already applied it in sentencing Williams on April 15, 2016. *See* United States Sentencing Commission, 3 *Federal Sentencing Guidelines Manual*, Appendix C, Amendment 599.

Second, Williams challenges the "jurisdictional element" of his conviction and the stipulated-to relevant conduct by arguing the government did not have authority to prosecute either robbery.[1] This claim also has nothing to do with a retroactive change in the Guidelines that could be properly considered under § 3582(c)(2).

Clearly, then, Williams's motion is in substance a collateral attack on his conviction or sentence pursuant to 28 U.S.C. § 2255. But § 2255 imposes a one-year statute of limitations, as well as a requirement that a second or successive § 2255 motion be authorized by the Court of Appeals. Williams knows this, as this Court denied his first § 2255 motion as untimely. ECF No. 91. This motion is, of course, even more untimely. Moreover, there is no indication that the Eighth Circuit has authorized Williams to file this motion. Williams's motion is therefore denied. *See United States v.*

---

[1] Williams was indicted for two different armed robberies. He pleaded guilty to the second robbery and, in the plea agreement, admitted that the first robbery was relevant conduct. ECF Nos. 1, 35.

*Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (per curiam) ("[Defendants] may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure.").

Separately, Williams requests that the Court appoint counsel to help him determine whether the November 1, 2023, amendments to the Sentencing Guidelines apply to his case. The Court need not appoint counsel, however, as it is clear that the amendments do not help Williams.

The only recent changes to the Guidelines that apply retroactively are found in Amendment 821. USSG § 1B1.10(a)(2), (d). The first change limits the impact of § 4A1.1 "status points," which are criminal-history points added when the defendant committed his offense while under another criminal sentence. § 1B1.10 cmt. 7. This change does not help Williams as he was not assessed status points under § 4A1.1(d).[2] PSR ¶¶ 72–73, ECF No. 81; Sent'g Tr. 9:20–21, ECF No. 64.

The second change creates a two-level reduction in the total offense level under § 4C1.1 for "zero-point offenders"—that is, defendants who have no criminal-history points and who meet certain other criteria. § 1B1.10 cmt. 7. This change also does not help Williams as he had nine (not zero) criminal-history points. Sent'g Tr. 9:20–21. Further, the § 4C1.1 adjustment only applies to defendants who did not use violence or

---

[2]Now § 4A1.1(e) in the 2023 update to the Guidelines.

credible threats of violence, nor possess a firearm, in connection with the offense. § 4C1.1(a)(3), (7).  That obviously does not describe Williams.  See ECF No. 35 at 2.

Because it is clear that neither retroactive change to the Sentencing Guidelines applies to Williams, his request for appointment of counsel is denied as moot.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's motion to modify his sentence [ECF No. 93] is DENIED WITHOUT PREJUDICE for lack of jurisdiction.

2. Defendant's motion for appointment of counsel [ECF No. 93] is DENIED as MOOT.

3. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  December 22, 2023

_____
Patrick J. Schiltz, Chief Judge
United States District Court